IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40475
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY SAMUEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CR-120-2)
_____

March 5, 1999

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this direct criminal appeal, Defendant-Appellant Larry Samuel insists that the district court erred in ordering a new trial rather than entering a judgment of acquittal on grounds of double jeopardy as the proper remedy for the mistrial caused by prosecutorial misconduct during course of Samuel's jury trial. The foundation of Samuel's double jeopardy argument in support of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acquittal is the rule articulated by the Supreme Court in Oregon v. Kennedy,[1] that when a defendant's well-taken motion for a mistrial is based on prosecutorial misconduct that was intended to "goad" the defendant to make such a motion, double jeopardy will bar a second prosecution.[2] When, during the course of a jury trial, some conduct of the prosecution essentially leaves the defendant no choice but to move for a mistrial, and leaves the trial court no choice but to grant one, a contention by the defendant that such conduct was intended by the prosecution to goad the defendant into making a mistrial motion requires the trial court to review all the objective facts and circumstances and make a finding of fact as to whether the prosecution had such an intent.[3] We will uphold the district court's factual finding on intent unless it is clearly erroneous.[4] In reviewing a finding by the district court whether the prosecution's misconduct that clearly entitles the defense to a mistrial was undertaken with the intention of goading the defense into making such a motion, we too examine that conduct in light of the entire record to determine whether the trial court clearly erred in its finding regarding intent to goad.

We have now completed such a record review and have considered

---

[1] 456 U.S. 667 (1982)

[2] Id. at 678-79. See also United States v. Botello, 991 F.2d 189, 192-93 (5th Cir. 1993); United States v. Landerman, 109 F.3d 1053, 1068 (5th Cir. 1997).

[3] See Kennedy, 456 U.S. at 675; United States v. Barcelona, 814 F.2d 165, 167-68 (5th Cir. 1987).

[4] Barcelona, 814 F.2d at 168.

the district court's finding in light thereof and in light of the applicable law and the arguments set forth by opposing counsel in their respective appellate briefs and in their oral argument to this court. As a result of that consideration we are not left with the distinct impression that the district court was wrong in finding that the prosecution did not intend to goad the defense into moving for a mistrial, that is, we do not conclude that the court was clearly erroneous. It follows that this non-clearly erroneous district court finding that the government's misconduct was not taken with the intent to goad the defense to move for a mistrial obviates the need for a double-jeopardy judgment of acquittal pursuant to the rule of Kennedy and its progeny. Consequently, the rulings of the district court in declaring a mistrial, rejecting acquittal, and ordering a new trial, are, in all respects,

AFFIRMED.